IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                           No. 1:20-cr-95-HSO-RHWR-1

**KENDRELL O'MARS SHEPPARD**

### ORDER DENYING THE GOVERNMENT'S MOTION [30] TO CORRECT SENTENCE AND MOTION [31] FOR PRELIMINARY ORDER OF FORFEITURE

BEFORE THE COURT are the Government's Motion [30] to Correct Sentence and Motion [31] for Preliminary Order of Forfeiture. After due consideration of the Motions, the parties' submissions, and relevant legal authority, the Court finds that the Government's Motions [30][31] should be denied.

On February 15, 2022, Defendant Kendrell O'Mars Sheppard ("Defendant" or "Sheppard") pleaded guilty to Count 1 of the Indictment [1]. On May 26, 2022, a sentencing hearing was held, Min. Entry May, 26, 2022, and the Court sentenced Sheppard to a term of 41 months imprisonment followed by three years of supervised release, Judgment [27] at 2-3. Although the Indictment [1] included a Notice of the Government's intent to seek forfeiture of certain property, Ind. [1] at 1-2, and the Plea Supplement contained an agreement that Sheppard would forfeit certain property, Plea Supp. [23] at 3-5, no preliminary motion for, or order of, forfeiture was filed prior to sentencing, nor was there any mention of forfeiture in the oral pronouncement of Sheppard's sentence, Mem. [33] at 2. On May, 27, 2022,

the Court entered Judgment [27], which did not include any reference to forfeiture.

On June 8, 2022, the Government filed the present Motions [30][31], ostensibly seeking to correct Sheppard's sentence under Federal Rule of Criminal Procedure 35(a) "by allowing the Government to seek both a preliminary and final order of forfeiture." Mot. [30]. The Government asks the Court to amend the Judgment [27] to include an order of forfeiture for the property listed as subject to forfeiture in the Indictment [1] and agreed to in the Plea Supplement [23]. Mem. [33] at 2. The Government contends that it was a "clear error" under Rule 35(a) that a preliminary order of forfeiture was not entered in this case prior to sentencing, and that a final order of forfeiture was not made part of the oral pronouncement of the sentence or included in the written Judgment [27]. *Id.*

Rule 35(a) allows a court, within 14 days after sentencing, to "correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). "Rule 35(a) is implicated when a district court seeks to alter the actual sentence imposed on a criminal defendant as announced at the sentencing hearing." *United States v. Spencer*, 513 F.3d 490, 491 (5th Cir. 2008). A court's authority to modify a sentence under Rule 35(a) is "very narrow and . . . extend[s] only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court." *United States v. Ross*, 557 F.3d 237, 239 (5th Cir. 2009) (quoting *United States v. Lopez*, 26 F.3d 512, 520 (5th Cir. 1994)).

After reviewing the record, the Court finds that there was not an arithmetical, technical, or other clear error, and that to the extent any error occurred, it is not an error that would result in remand. The Government never moved for a preliminary order of forfeiture, nor did it mention forfeiture at Sheppard's sentencing hearing. *See United States v. King*, 368 F. Supp. 2d 509, 512-13 (D.S.C. 2005) (concluding that, even if the government moved within the time period provided by Rule 35(a), the court could not enter a preliminary order of forfeiture and amend the judgment to incorporate the order of forfeiture where the government had failed to move for a preliminary order of forfeiture prior to sentencing or raise "any issue regarding forfeiture at sentencing"); *United States v. Diaz-Rivera*, 806 F. Supp. 2d 479, 483 (D.P.R. 2011) (explaining that Rule 35(a) "does not allow the court to substantively alter a criminal sentence by adding a forfeiture order"). As such, it was not an error for the Court to omit forfeiture from the Judgment [27] entered in this case.

The Government cites some authority indicating that the Court has the "plenary power" to amend a judgment under Rule 35, but none of this authority cites a factually similar circumstance to this case. *See United States v. Shakur*, 691 F.3d 979, 987 (8th Cir. 2012) (noting that a court has plenary power to amend a judgment after sentencing under Rule 35(a), but finding it inapplicable where the order was entered outside the time period provided by the rule); *United States v. Bennett*, 423 F.3d 271, 277 (3d Cir. 2005) (assuming that the failure to include forfeiture was a clear error under Rule 35(a) where a preliminary order of forfeiture

3

was entered prior to sentencing, but finding that Rule 35(a) did not apply because the time period provided by the rule had passed); *United States v. Petrie*, 302 F.3d 1280, 1284-85 (11th Cir. 2002) (explaining that Rule 35(a) does not provide a basis for "entering an order of forfeiture against a defendant" outside of the time period provided by the rule). None of the cited cases demonstrate that the Court has the authority to enter a preliminary order of forfeiture and amend the judgment to incorporate an order of forfeiture where the Government at no point moved for a preliminary order of forfeiture prior to sentencing and forfeiture was not addressed at sentencing. *But see King*, 368 F. Supp. 2d at 512-13 (finding that the court lacked authority under Rule 35(a) to correct the defendant's sentence under similar circumstances).

For these reasons, the Court concludes that the Government's Motions [30][31] should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Government's Motion [30] to Correct Sentence and Motion [31] for Preliminary Order of Forfeiture are **DENIED**.

**SO ORDERED AND ADJUDGED** this the 10th day of June, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE